

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00386-CR

Kelly Elaine **COURVELLE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 6404
Honorable Kirsten Cohoon, Judge Presiding

Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: April 15, 2020

AFFIRMED

Kelly Elaine Courvelle pled guilty to the offense of possession of a controlled substance after her pretrial motion to suppress was denied. On appeal, Courvelle contends the trial court erred in denying her motion to suppress. We affirm the trial court's judgment.

## BACKGROUND

Courvelle does not dispute that she was lawfully arrested based on an outstanding arrest warrant. The trial court found that Courvelle had a backpack in her possession at the time of her arrest. In fact, during the hearing on Courvelle's motion to suppress, she admitted the backpack

belonged to her, her personal belonging were inside the backpack, and she dropped the backpack from her shoulders when the officers approached and arrested her. After Courvelle was handcuffed and placed in the back of a patrol car, an officer at the scene searched her backpack and found a controlled substance.

After hearing the evidence, the trial court denied Courvelle's motion to suppress. In its findings of fact and conclusions of law, the trial court concluded the backpack was lawfully searched incident to Courvelle's arrest.

## STANDARD OF REVIEW

"We review a trial court's ruling on a motion to suppress under a bifurcated standard of review; fact findings are reviewed for an abuse of discretion, and applications of law are reviewed de novo." *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019). "We will sustain the trial court's application of the law if it is correct on any applicable theory of law, and the record reasonably supports the ruling." *Id*. "The trial court's findings in this case are undisputed, and we are presented only with a legal issue." *Id*.

## DISCUSSION

"Pursuant to the Fourth Amendment, a warrantless search of either a person or property is considered per se unreasonable subject to a few specifically defined and well established exceptions." *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) (internal quotation marks omitted). A search incident to arrest is among those exceptions. *Id*. A search is incident to arrest "if it is 'substantially contemporaneous' with the arrest and is confined to the area within the immediate control of the arrestee." *State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014). The area within the immediate control of the arrestee includes the area from within which the arrestee "might gain possession of a weapon or destructible evidence." *Arizona v. Gant*, 556 U.S. 332, 339 (2009).

Courvelle contends the search was not incident to her arrest because she "was handcuffed in the back seat of a police vehicle when law enforcement searched her backpack on the hood of the police vehicle." Accordingly Courvelle argues "[t]he backpack was not within [her] 'wingspan.'"

However, "an officer, incident to a lawful arrest, may search the arrestee's person, any items or containers in their possession, and any items or containers that were '*located within the arrestee's reaching distance at the time of the arrest*.'" *Gabriel v. State*, No. 04-15-00759, 2017 WL 685772, at *6 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (not designated for publication) (quoting *United States v. Curtis*, 635 F.3d 704, 711-12 (5th Cir. 2011)) (emphasis in original). "And a search is still incident to an arrest for 'as long as the administrative process incident to the arrest and custody have not been completed.'" *Id*. (quoting *Curtis*, 635 F.3d at 712). Accordingly, the fact that Courvelle was handcuffed in the back of the patrol car did not preclude the search from being incident to her arrest. *See id*. at *6 (rejecting argument that "no search can be justified as search incident to arrest once an arrestee is handcuffed or otherwise removed from the area in which the seized item is found"). Furthermore, the fact that officers "placed [the backpack] on the hood of the patrol car before searching it did not preclude them from searching the bag incident to arrest." *Stephens v. State*, No. 03-17-00117-CR, 2018 WL 3235322, at *3 (Tex. App.—Austin July 3, 2018, no pet.) (not designated for publication); *see also Nugent v. State*, No. 01-12-00234-CR, 2014 WL 458998, at *5 (Tex. App.—Houston [1st Dist.] Feb. 4, 2014, pet. ref'd) (not designated for publication) (holding search of backpack incident to arrest was lawful where officer searched backpack "within moments of arresting and placing appellant in the patrol car"). Therefore, the trial court did not err in concluding Courvelle's backpack was lawfully searched incident to her arrest.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH